428 A.2d 647

**COMMONWEALTH of Pennsylvania,**

v.

**Edward DAVENPORT, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1980.

Filed April 20, 1981.

---

William P. James, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, HOFFMAN and CIRILLO, JJ.*

* Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

BROSKY, Judge:

Appellant was convicted at trial without a jury of aggravated assault, criminal conspiracy and robbery on the highway. All appellant's post-verdict motions were denied with the exception of a motion in arrest of judgment on the aggravated assault conviction. Appellant was given a suspended sentence on the conspiracy conviction and three years probation on the robbery count. This appeal followed. The sole contention on appeal is that the lower court improperly admitted evidence of "prior crimes" by the appellant and thereby deprived him of a fair trial. We affirm the lower court's actions.

The facts surrounding appellant's conviction are as follows. On October 20, 1978, at approximately 10:30 p. m., Officer William James of the Philadelphia Police Department was patrolling in an unmarked police car when he observed Thomas Davis walking east on Allegheny Avenue toward 13th Street. Officer James further observed three black males emerge from a parking lot a short distance behind Davis, proceed to follow and converge on Davis, and knock him to the ground. At this point, Officer James and his partner interceded, apprehending appellant as he stood over an unconscious and bleeding Davis. The other two men with appellant attempted to leave when they saw the officers approaching but were arrested by Officer James' partner.

At the appellant's preliminary hearing and trial, Thomas Davis testified that on October 20, 1978, he entered a bar on the corner of 13th Street and Allegheny Avenue, where he drank one beer and went to the men's room. While Davis was in the men's room, three men, including appellant, entered and demanded money from him. While two men held the victim's arms, the third rifled his pockets and socks and relieved him of $22. Mr. Davis testified that his only recollection thereafter was waking up in Temple University Hospital.

Appellant was subsequently arrested and charged with aggravated assault, criminal conspiracy and robbery. At the

preliminary hearing, Officer James and Thomas Davis testified. The trial court denied appellant's pre-trial motion to quash the informations, instead ordering the robbery information amended to read robbery "on the highway." Appellant's contention on appeal is that he was only charged with the robbery on the highway that Officer James witnessed and not with the robbery in the bar that Thomas Davis remembered. Therefore, the testimony of Davis was inadmissible because it related to a prior crime for which appellant was not now standing trial. See *Commonwealth v. Harris*, 263 Pa.Super. 110, 397 A.2d 424 (1979); *Commonwealth v. Spruill*, 480 Pa. 601, 391 A.2d 1048 (1978). We disagree.

Appellant contends that there are two separate and distinct criminal acts involved in this case. It would not have taxed the imagination of the fact finder, however, to conclude that the testimony of Officer James and Thomas Davis chronologically complemented each other and that what was involved sub judice was one continuing crime beginning sometime after 9:50 p. m. in a bar and ending a very short time later on the street less than one block away. Thus, the trial court could have properly inferred that the testimony of Thomas Davis was not of a prior crime committed by appellant but related to the same transaction out of which grew the indicted crime. As has been stated by our Supreme Court:

> While it is true that generally evidence of crimes other than the one for which the defendant is being tried is not admissible, there are certain well-defined exceptions to that rule. *Among these is the "same transaction" or "res gestae" exception.* McCormick, Evidence, § 190 at 448 (2d ed. 1972). In *Commonwealth v. Williams*, 307 Pa. 134, 160 A. 602 (1932), this Court spelled out that exception, saying that such evidence is admissible where "such prior conviction or criminal act formed a part of a chain, or *was one of a sequence of acts, or became part of the history of the event on trial, or was part of the natural development of the facts.*" Id., 307 Pa. at 148, 160 A. at 607. See also

*Commonwealth v. Ross,* 413 Pa. 35, 195 A.2d 81 (1963); *Commonwealth v. Wable,* 382 Pa. 80, 84, 114 A.2d 334, 336 (1955). We believe that the evidence of other events, sordid as they were, part and parcel of the violent rampage which resulted in the death of William Bogier; *they were necessary to complete the picture of the day in question,* not to prove Brown's criminal disposition in general. No error was committed in permitting the full story, of which the murder was an integral part, to be told.

(Emphasis added.) *Commonwealth v. Brown,* 462 Pa. 578, 342 A.2d 84, 90 (1975).

In the case at bar, the testimony of the victim, Thomas Davis, was necessary to "complete the picture" of what transpired on the night of October 20, 1978. *Commonwealth v. Stufflet,* 276 Pa.Super. 120, 419 A.2d 124 (1980). The victim was able to identify the appellant as one of the three men who attacked him in the bar, and thus his testimony was certainly relevant as it related to when and where the crime began and appellant's initial involvement therein. Therefore, we hold the testimony was admissible because it arose from the "same transaction" or criminal activity [1] and appellant's reliance on the line of cases concerning evidence of prior crimes to show intent, motive or common scheme is misplaced. See *Commonwealth v. Spruill,* supra; *Commonwealth v. Bond,* 261 Pa.Super. 311, 396 A.2d 414 (1978).

We refuse to accept appellant's argument in this case. To accept it would permit him to benefit from the fortuitous circumstance that Thomas Davis does not recall what happened after he was first attacked in the bar by appellant and his companions.

1. While evidence of the "same transaction" sometimes inappropriately called "res gestae" has been generally treated as an exception to the rule barring evidence of prior crimes, this treatment appears conceptually incorrect. Evidence of the *same* transaction is not evidence of a *prior* transaction or crime, and therefore it need not be excepted from the general rule because it does not fall within the purview of the rule to begin with.

We, therefore, hold that the prejudicial effect of any inference alleging prior criminal activity by appellant was unfounded.

We affirm.