492 A.2d 9

**COMMONWEALTH of Pennsylvania**

v.

**William SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 17, 1985.

Filed April 19, 1985.

Joseph S. O'Keefe, Norristown, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

JOHNSON, Judge:

Appellant, William Smith, takes this appeal from the judgment of sentence entered following his conviction by a jury for robbery, possessing instruments of crime, simple assault, and recklessly endangering another person. Appellant raises four issues for our review:

A. Did the learned trial court err in allowing the Commonwealth to introduce evidence of a prior arrest of the defendant?

B. Did the learned trial court err in admitting into evidence out-of-court conversations between a Commonwealth witness and the defendant's stepmother?

C. Did the learned trial court err in denying defendant's request for a mistrial due to prosecutorial misconduct?

D. Was trial counsel ineffective in failing to object to the introduction of testimony of the defendant's prior arrest as well as failing to object to the hearsay testimony of the Commonwealth's witnesses?

Finding none of appellant's issues to have merit, we affirm.

On September 9, 1980, at 12:45 a.m., appellant entered Caesar's Pike Bar in Philadelphia. Because appellant had been arrested for burglarizing this same bar just three and one-half months previously, the barmaid told appellant that he was not welcome and asked him to leave. Appellant argued with the barmaid and, when another customer attempted to intervene, appellant struck him. Appellant then started a destructive imbroglio—throwing chairs and breaking glasses with an axe handle he had with him. During his rampage, appellant threatened to kill the barmaid and threw a stool at her, injuring her back. Appellant then began pounding on the cash register with the axe handle, saying, "They said I tried to rob this mother-fucker. This time I will really rob it." Appellant was still attempting to open the cash register when the police arrived.

Appellant first argues that the trial court erred in admitting evidence of appellant's prior arrest for robbing the same bar three and one-half months before the crime

now at issue. As a general rule, evidence of prior criminal acts by an accused is inadmissible; however, an exception to this rule exists where such evidence is probative of the accused's motive or intent. *Commonwealth v. Speller*, 311 Pa.Super. 569, 458 A.2d 198 (1983). However, the probative value of the evidence must exceed its prejudicial impact. *Commonwealth v. Middleton*, 320 Pa.Super. 533, 467 A.2d 841 (1983).

■ In the instant case, the evidence of appellant's prior arrest did reveal a motive and intent for appellant's actions on the date in question. By showing a motive for appellant's actions, the evidence helped to prove that appellant did not accidentally hit Sylvia Robinson with a barstool, but that he did so intentionally after Robinson asked him to leave because of the prior robbery. Also, the evidence went toward proving that appellant was intending to rob the bar when the police found him pounding on the cash register with an axe handle. *See, e.g., Commonwealth v. Gonzales*, 297 Pa.Super. 66, 443 A.2d 301 (1982) (Testimony of owner's agent, that same premises had been broken into by defendant and friends just five days prior to present burglary and that on the prior occasion defendant stated that lessee owed him two weeks pay, was relevant and material in proving intent, motive, and identity and thus admissible.)

■ Furthermore, appellant took the stand at trial and denied that he had had any intent to rob the bar. He claimed that he had only been engaging in a fight with two of the bar's patrons over an unrelated matter. Appellant also claimed that the bar's owner had not previously filed a criminal complaint against him. Thus, the evidence of appellant's prior arrest was necessary to rebut appellant's testimony. *See, e.g., Commonwealth v. Rozanski*, 289 Pa.Super. 531, 433 A.2d 1382 (1981) (Admission of defendant's prior threat to blow up a church was not unduly prejudicial where defendant testified at trial and the issue of his intent in present case was sharpened by his testimony; if the prior threat had not been offered by the Commonwealth as part of its case-in-chief, it could have been offered

in rebuttal.) Therefore, we find in the instant case that the prejudicial impact of this evidence was outweighed by its probative value.

Appellant next argues that the trial court erred by admitting into rebuttal for the Commonwealth, evidence of out-of-court threats made by appellant's stepmother to a witness for the Commonwealth, one Sylvia Robinson, the barmaid on the night in question. The introduction of this evidence was made after appellant called his father in rebuttal to testify in appellant's behalf. On cross-examination the district attorney then questioned appellant's father about the father's attempts to keep Robinson from testifying, including one occasion when appellant's father and stepmother walked up to Robinson during a court recess and the stepmother said, "I know one goddam thing; the shit better go right tomorrow or else some fucking body going to answer to me. I mean it, I mean it." Appellant's father denied this and it was then that the Commonwealth called Robinson to the stand in its rebuttal. Robinson testified that during a recess in the trial she was approached by appellant's father and stepmother and that the stepmother threatened her. Appellant now asserts that this impeachment was improper because it went to a collateral issue and because a hearsay statement was introduced.

Admission or rejection of rebuttal evidence is within the sound discretion of the trial judge. *Commonwealth v. Miller*, 490 Pa. 457, 417 A.2d 128 (1980); *Commonwealth v. Eackles*, 286 Pa.Super. 146, 428 A.2d 614 (1981). Evidence concerning threats made by one witness against another witness is relevant to a determination of the strength of feeling, and thus the credibility and bias, of the witness making the threats. *Commonwealth v. Sparrow*, 471 Pa. 490, 499–500, 370 A.2d 712, 717 (1977), *overruled on other grounds, Commonwealth v. Tarver*, 493 Pa. 320, 426 A.2d 569 (1981). As the supreme court has said:

We have repeatedly held that the order of presentation of evidence is a matter which is largely within the discretion of the trial judge.... [A] party may produce evi-

dence to rebut testimony which he himself elicited from his opponent's witness on cross-examination. *Commonwealth v. Hickman*, 453 Pa. 427, 432, 309 A.2d 564, 567 (1973) (citations omitted). *See also Commonwealth v. Stevens*, 276 Pa.Super. 428, 419 A.2d 533 (1980). It was, therefore, proper for the district attorney to cross-examine appellant's father regarding attempts by the father to prevent Robinson from testifying, and for the Commonwealth to call Robinson to the stand in rebuttal.

■ We further note that the admissibility of Robinson's testimony was not negated by the fact that appellant's father did not, himself, make the threatening statements to Robinson. The law in this matter was thus summarized by the supreme court:

> The hearsay rule does not apply to all statements made to or overheard by a witness, but only those statements which are offered as proof of the truth of what is said. Thus, a witness may testify to a statement made to him when one of the issues involved is whether or not the statement was, in fact, made. Similarly, a witness may testify to statements made by another to the witness or to a third person when the purpose of this testimony is to evidence the effect which the statement had upon the listener.

*Commonwealth v. Wright*, 455 Pa. 480, 485, 317 A.2d 271, 273 (1974) (citations omitted) (footnote omitted). In keeping with this rule, evidence of threats against a witness by a third party has been found not to be hearsay and has been allowed to be introduced. *See, e.g., Commonwealth v. Starks*, 298 Pa.Super. 213, 444 A.2d 736 (1982); *Commonwealth v. Douglass*, 185 Pa.Super. 269, 138 A.2d 193 (1958). Accordingly, we do not find the admission of the evidence at issue to be reversible error.

Appellant next argues that the trial court erred in denying appellant's request for a mistrial on the grounds of prosecutorial misconduct. Specifically, appellant points to two statements in the district attorney's closing address. In the first of these, the D.A. referred to "the mentality

that someone was going to have to pay." (N.T., 8/6/81 at 3.53). By this statement, the D.A. was referring to the attempts by appellant's father and stepmother to prevent Robinson from testifying. In the second remark, the D.A. alluded to appellant's having an interest in the outcome of the case. The D.A. then said, "Well, ladies and gentlemen, [appellant's] interest is the most vital, and you ask yourselves if anyone is going to color what they say is it not the person who is accused of the crime?" (N.T., 8/6/81 at 3.51).

 While it is true that a prosecutor may not express his personal opinion regarding a defendant's guilt, credibility or trial strategy, *Commonwealth v. Pfaff,* 477 Pa. 461, 384 A.2d 1179 (1978), the prosecution may argue reasonable inferences from the facts and comment upon the credibility of the witnesses. *Commonwealth v. Barren,* 501 Pa. 493, 462 A.2d 233 (1983); *Commonwealth v. Carey,* 313 Pa.Super. 20, 459 A.2d 389 (1983). We do not find that the district attorney at trial exceeded the bounds of proper argument, as he was merely making an argument on credibility.

 Lastly, appellant argues that his trial counsel was ineffective for failing to object to the admission into evidence of a statement made by appellant during his rampage in the bar. In this statement, appellant said, "They said I tried to rob this mother-fucker. This time I will really rob it." Appellant asserts that this evidence was an impermissible reference to appellant's prior arrest for burglarizing the Caesar's Pike Bar. As we held in our ruling on appellant's first issue, *supra,* we find the admission of this evidence to be proper for showing appellant's motive and intent for the crime.

 As a further basis for arguing ineffectiveness of counsel, appellant asserts that counsel failed to object to numerous admissions of hearsay testimony. We have reviewed each section of the testimony to which appellant now objects and find none of these examples to be hearsay. In

almost every instance, the specified evidence consists of statements which were made by appellant during his destruction of Caesar's Pike. The few remaining points in the testimony concern inconsequential matters, such as a conversation between the employees of the bar as to what time they should close. The truth of such statements is immaterial. Therefore, counsel was not ineffective for failing to object to this evidence.

Judgment of sentence affirmed.