499 A.2d 1080

**COMMONWEALTH of Pennsylvania**

v.

**David MURPHY, Appellant.**

Superior Court of Pennsylvania.

Argued April 10, 1985.

Filed Oct. 18, 1985.

John H. Corbett, Jr., Public Defender, Pittsburgh, for appellant.

Eric J. Woltshock, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WIEAND, CIRILLO and JOHNSON, JJ.

CIRILLO, Judge:

This is an appeal from the judgment of sentence imposed on a conviction for murder in the third-degree. We affirm.

The charges lodged against the appellant, David Murphy, arose out of the death of Thomas Joyce. Joyce spent a day visiting with his children and his estranged wife, Sharon Joyce. The victim's wife told him that Murphy tried to rape her the night before. Joyce then left, but returned a short time later. He informed Sharon that he had been to Murphy's residence but that no one answered the door. A few hours later, Joyce, this time accompanied by Daniel Hunt, again went to Murphy's house to confront him about the alleged rape attempt. Thomas Joyce knocked on the door and appellant's wife told him to go away. He then proceeded to break a picture window and slash it with a hunting knife. While doing this he said, "I want you, Murphy." Hunt attempted to pull Joyce off the window sill and at the same instant, Murphy fired a shot, from inside the house, which hit Joyce in the neck. As Joyce and Hunt ran off the porch, Murphy fired a second shot which also hit Joyce. He

died on the way to the hospital as a result of the gunshot wounds.

Following a jury trial, Murphy was convicted of murder in the third-degree and was sentenced to a term of imprisonment of seven and one-half to fifteen years. Post-trial motions were timely filed and denied.

On direct appeal appellant raises the following issues:
1) Whether evidence introduced at trial denied Mr. Murphy his Constitutional right to a trial before an impartial jury?
2) Whether defense counsel's failure to object to the introduction of irrelevant and prejudicial testimony of a prior criminal act resulted in the ineffective assistance of counsel?

■ We find the first issue to be waived. At trial, Sharon Joyce testified that she told her husband that Murphy had tried to rape her. Additionally, two other witnesses testified to being told by Sharon and Thomas Joyce of the alleged attempted rape. Appellant contends that this testimony denied him his constitutional right to a trial before an impartial jury. However, because trial counsel failed to object to the testimony concerning the alleged prior criminal act of Murphy, this issue was not preserved for appellate review. *See Commonwealth v. Northington*, 494 Pa. 155, 430 A.2d 1164 (1981); *Commonwealth v. Griffin*, 271 Pa. Super. 228, 412 A.2d 897 (1979).

Appellant also contends that trial counsel was ineffective for failing to object to the testimony concerning the alleged rape. Further, he argues that the testimony was highly prejudicial to his defense. We find appellant's claim to be without merit. Since counsel cannot be deemed ineffective for failing to pursue a meritless argument, *Commonwealth v. Carter*, 329 Pa.Super. 490, 478 A.2d 1286 (1984), the judgment of sentence is affirmed.

The challenged evidence in the case at bar presents a classic textbook example for the application of the "same transaction" or "res gestae" exception to the general rule

that "evidence of criminal activity not charged in the indictment or information on which the defendant is being tried cannot be introduced at trial." *Commonwealth v. Fuller,* 479 Pa. 353, 357, 388 A.2d 693, 694–95 (1978). In *Commonwealth v. Williams,* 307 Pa. 134, 148, 160 A. 602, 607 (1932), the Supreme Court spelled out the "same transaction" exception stating that such evidence is admissible where the "prior conviction or criminal act formed a part of a chain, or was one of a sequence of acts, or became part of the history of the event on trial, or was part of the natural development of the facts." *Accord Commonwealth v. Brown,* 462 Pa. 578, 342 A.2d 84 (1975); *Commonwealth v. Evans,* 343 Pa.Super. 118, 494 A.2d 383 (1985); *Commonwealth v. Shirey,* 333 Pa.Super. 85, 481 A.2d 1314 (1984); *Commonwealth v. Robinson,* 316 Pa.Super. 152, 462 A.2d 840 (1983) (allocatur denied); *Commonwealth v. Davenport,* 286 Pa. Super. 212, 428 A.2d 647 (1981).

The "same transaction" exception has been viewed by our courts as a supplement to the five well-recognized exceptions to the general rule that evidence of other crimes is inadmissible to prove the crime for which the defendant is being tried. *Shirey, supra; Commonwealth v. Stufflet,* 276 Pa.Super. 120, 419 A.2d 124 (1980); *see also* McCormick, Evidence § 190 (2d Ed.1972); J. Wigmore, *supra* at § 218. These exceptions include:

(1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial, in other words, where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other. Thus, although the law does not allow use of evidence which tends solely to prove that the accused has a "criminal disposition," evidence of other crimes is admissible for certain purposes if the

probative worth of this evidence outweighs the tendency to prejudice the jury. (citations omitted).

*Commonwealth v. Morris*, 493 Pa. 164, 175, 425 A.2d 715, 720 (1981); *Commonwealth v. Styles*, 494 Pa. 524, 528, 431 A.2d 978, 980 (1981); *Shirey, supra* 333 Pa.Super. at 123, 481 A.2d at 1334.

We are compelled to note that there has been much controversy surrounding the use of the phrase "res gestae" when referring to evidence of a prior criminal act that becomes part of the history of the event on trial. Indeed, in our recent decision in *Commonwealth v. Evans*, 343 Pa.Super. 118, 494 A.2d 383 (1985), we refrained from using the term "res gestae" at all when referring to the admissibility of "evidence of other criminal activity [which] forms part of the history of the event or serves to enhance the natural development of the facts." *Id.*, 343 Pa.Superior Ct. at 132, 494 A.2d at 390. It has even been suggested by Professor Wigmore that the term "res gestae" be abandoned as a useless and confusing phrase. Wigmore, *supra* at § 218. Further, it has been proposed that the "res gestae" exception is not really an exception at all, but rather a well-established principle of multiple admissibility. *Id.* at §§ 215, 216.

In light of the foregoing, we adopt the view that the *term* "res gestae" should be abandoned. However, this should be limited to the situation where the crime charged arose from the prior criminal activity and evidence of the prior act is needed to complete the full picture of the event on trial.[1]

 Once it is established that the "same transaction" exception is applicable, the court must then balance the prejudicial impact of the evidence against its probative value to determine admissibility. Absent a flagrant abuse of discretion, that determination will not be disturbed on

1. We are not suggesting that the generic term "res gestae" be abandoned in the context of the four distinct exceptions to the hearsay rule identified in *Commonwealth v. Pronkoskie*, 477 Pa. 132, 136–37, 383 A.2d 858, 860 (1978):

 (1) declarations as to present bodily conditions; (2) declarations of present mental states and emotions; (3) excited utterances; and (4) declarations of present sense impressions.

appeal. *Commonwealth v. Shirey, supra.* We cannot embrace the appellant's contention in this instance that the prejudicial impact of the testimony concerning the alleged rape outweighed its probative value. Moreover, we cannot agree that the jury could not sufficiently erase the testimony from its mind, despite the trial court's strong cautionary charge.

This is not a case such as *Commonwealth v. Ewell,* 318 Pa.Super. 397, 465 A.2d 13 (1983), which also addressed the issue of admitting evidence of a prior criminal act. In *Ewell* the defendant was tried for driving while under the influence of alcohol. A prosecution witness testified that the defendant told him that he had been involved in a prior incident for drunken driving. We found this testimony to be highly prejudicial despite the trial court's cautionary charge. However, *Ewell* is distinguishable for several reasons. First, the testimony elicited by the Commonwealth in *Ewell* was introduced to show the state of mind of the defendant at the time he made his statement concerning a prior incident for drunk driving. Here, the testimony was introduced to show that the alleged attempted rape and the murder were part of one and the same transaction. Second, in *Ewell* the witness for the Commonwealth testified that the defendant had told him of the prior incident; he had no personal knowledge, nor was there any corroborating testimony. In the instant case, Sharon Joyce had personal knowledge of the first alleged criminal activity; there were also two witnesses who corroborated her testimony. Lastly, the two instances of crime in *Ewell* were so similar in nature that even the cautionary instruction given by the trial judge could not neutralize the prejudice resulting from admission of the testimony. In contrast, the two crimes in this instance, the alleged attempted rape and the murder, were undeniably dissimilar.

Any possible prejudice resulting from admission of the challenged testimony under the "same transaction" exception is heavily outweighed by the probative value of establishing the history of the event on trial. The reason

for the victim's presence at the appellant's home is a fact which is essential to a jury's understanding of the issues to be decided in this case. Further, in light of the trial judge's strong cautionary instruction, we find that the testimony has little potential for prejudice. Accordingly, we find that the trial court properly admitted the testimony under the "same transaction" exception.

We have also considered the possibility of admitting the testimony concerning the alleged attempted rape under the "motive" exception. The Commonwealth introduced the evidence to establish Thomas Joyce's provocation in initiating the confrontation that led to his death. The trial court permitted Sharon Joyce to repeat what she had told her husband as long as the jury heard no details. The court concluded that the testimony of the alleged attempted rape was both relevant and material and therefore was properly admissible.

Appellant claims that evidence of the victim's motive was "improper, since it was irrelevant and highly prejudicial." While we express no opinion whether the "motive" of the victim of a crime is not a basis for the exception to the general rule that evidence of prior criminal activity is inadmissible, we find in the instant case that we are also faced with the motive of the appellant. The alleged attempted rape of Sharon Joyce motivated the victim's actions, which in turn provoked the appellant to shoot and kill him. Murphy's act of shooting Joyce was a reaction to Joyce's own behavior. It is highly unlikely that Murphy would have reacted so violently if he were not concerned about Thomas Joyce's attempt at retaliation. Thus, the testimony is clearly relevant and impacts on the appellant's motive for shooting the victim. *See Commonwealth v. Sparks,* 342 Pa.Super. 202, 492 A.2d 720 (1985); *Commonwealth v. Smith,* 341 Pa.Super. 564, 492 A.2d 9 (1985). Moreover, any possible prejudice resulting from admission of the testimony is outweighed by its probative value. Accordingly, we find that the evidence is admissible under

the "motive" exception as well as under the "same transaction" exception.

Therefore, since appellant's claim has no arguable merit, there is no need to address the issue of whether defense counsel had a reasonable basis for not objecting to the testimony admitted into evidence. *See Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967); *Carter, supra.* We find no abuse of discretion by the trial judge.

Judgment of sentence affirmed.

WIEAND, J., files a concurring opinion.

JOHNSON, J., files a dissenting opinion.

WIEAND, Judge, concurring:

I agree with Judge Johnson that the "motive" of the victim of a crime is not properly a basis for creating a new exception to the general rule that evidence of prior criminal conduct of a defendant is inadmissible. However, I do not understand that Judge Cirillo has attempted to create such an exception in his opinion. Therefore, I join Judge Cirillo's opinion. Evidence that the victim was told that defendant had attempted to rape the victim's wife was admissible because it was part of the history of the event on trial, a part of the natural development of the facts. That the victim had been told of the attempted rape of his wife was essential to the jury's understanding of the circumstances surrounding his going to the defendant's home and of his subsequent death. Even Judge Johnson, in his well-written dissent, finds it necessary, in order to draw a complete picture of the circumstances surrounding this shooting, to recite the reason why Joyce was at the defendant's home at the time when he was shot. The trial court did not err in receiving this evidence to show the history of the event on trial.

448

JOHNSON, Judge, dissenting:

I agree with the majority that defense counsel's failure to object to the testimony of three witnesses concerning the alleged prior criminal act of David Murphy resulted in a waiver of the first issue on this appeal. However, I believe that the challenged evidence does not qualify as an exception to the general rule prohibiting introduction of evidence of prior criminal activity, and that there is arguable merit in the ineffectiveness claim. I would vacate the judgment of sentence and remand for an evidentiary hearing to determine whether trial counsel had a reasonable basis for his challenged actions. Hence, this dissent.

Thomas Joyce, the homicide victim, had been separated from his wife for approximately three months. On the day in question, he had arrived at his estranged wife's home at exactly 10:00 A.M. Shortly thereafter, his wife told him that David Murphy had attempted to rape her the night before. Joyce remained at his wife's residence, talking with his wife and playing with their children. He fixed lunch for the family. Mrs. Joyce told her husband that she wanted to go to the police and report what had happened.

Joyce remained at his wife's residence until 5:00 o'clock that evening. At his wife's request, he left to pick up a friend of his wife and return her to the residence. Upon leaving the wife's residence, Joyce met a friend, Danny Hunt, at a local bar, where each of them consumed two beers. They remained at the bar for twenty minutes before leaving to pick up the wife's friend, Lisa French, and return her to the wife's residence. The three persons arrived back at Mrs. Joyce's residence at approximately 7:20 P.M., where Lisa French exited Joyce's truck. Joyce and Hunt then departed for the residence of the defendant, where the altercation and shooting occurred shortly thereafter.

At time of trial the victim's wife, Sharon Joyce, testified that she told her husband that Appellant Murphy "had tried to rape [her]." N.T., 3/30/81 at 15. Lisa French testified that the victim told her that Murphy "had attempted to rape his wife, Sharon." N.T., 3/30/81 at 26. Additionally, Dan-

iel Hunt, who accompanied the victim to Murphy's house, testified that he was told by the victim of Murphy's "attempt to rape his wife." N.T., 3/30/81 at 34. Trial counsel did not object to any of this testimony concerning the alleged prior criminal activity of Appellant, Murphy.

The majority concludes that this evidence of an alleged rape which had occurred one day before the homicide on trial presents a "classic textbook example for the application of the 'same transaction' ... exception" to the rule against admission of prior criminal acts. I cannot agree.

It is a fundamental principle of criminal jurisprudence that the Commonwealth may not introduce evidence of a defendant's prior criminal activity as substantive evidence of his guilt on the current charges. *Commonwealth v. Fortune*, 464 Pa. 367, 346 A.2d 783 (1971).

An exception to this rule obtains where the prior conviction or criminal act formed a part of a chain, or was one of a sequence of acts, or became part of the history of the event on trial, or was part of the natural development of the facts. *Commonwealth v. Williams*, 307 Pa. 134, 148, 160 A. 602, 607 (1932).

My examination of the cases upon which the majority relies does not disclose any factual situation approaching the one now before us, nor do I understand the majority to be suggesting that one exists.

In *Commonwealth v. Brown*, 462 Pa. 578, 342 A.2d 84 (1975), our supreme court did approve the admission of evidence of other crimes against a defendant charged with murder of an apartment dweller, where the other crimes had all occurred immediately before or after the homicide in question, and were "part and parcel of the violent rampage which resulted in the death of [the victim]" and "were necessary to complete the picture of the day in question." *Id.*, 462 Pa. at 591, 342 A.2d at 90.

In *Commonwealth v. Davenport*, 286 Pa.Super. 212, 428 A.2d 647 (1981), this Court considered the testimony of the victim who remembered a robbery occurring in a bar and

the testimony of a police officer who had witnessed the robbery of the same victim on the street less than one block away a very short time later. We concluded that the facts involved one continuing crime, that the victim could not recall what happened after he was first attacked in the bar, and that the "same transaction" exception, as it might relate to *prior crimes*, was inapplicable on the facts presented in *Davenport.*

In *Commonwealth v. Robinson*, 316 Pa.Super. 152, 462 A.2d 840 (1983), we approved the introduction of testimony of a minor as to sexual acts committed against her by her mother's paramour, which acts antedated those charged in the information but which were the same acts of alleged statutory rape as charged. There, we treated the earlier acts of sexual intercourse as not introducing evidence of "other crimes" but, rather, as being evidence of the same continuing ruse against the victim.

I cannot accept the alleged rape of the victim's wife the evening before as constituting either a part of a chain or part of the natural development of the facts surrounding the homicide. The chain of events before the jury in this case would have begun, at the earliest, with the hearsay statement to the victim concerning his wife's alleged rape. Even after the victim received this hearsay statement, he did not immediately act upon it, but rather remained with his estranged wife, fixing lunch, playing with the children and talking with his wife until 5:00 P.M. that evening. It was only after the victim had met with his friend, Hunt, at a bar and returned to his wife's residence later that evening, that he proceeded to the site where the homicide occurred.

It might be argued that the *hearsay statement* imparted to the victim around 10:00 A.M. on the morning of the shooting may have some tenuous relationship to the natural development of the facts culminating in the shooting which occurred at about 7:30 P.M. the same day. The prior criminal *act*, however, which is alleged to have occurred the day before, cannot be shown to have been one of a sequence

of acts, as in the *Brown* case, *supra,* or part of the history of the event on trial, as in *Commonwealth v. Robinson, supra.*

The majority asserts that the reason for the victim's presence at the appellant's home is a fact which is essential to a jury's understanding of the issues to be decided in this case. However, the criminal information charged the defendant with criminal homicide. The charge was that the defendant, willfully and with malice aforethought, shot and injured the victim at a specific location at a certain time in the City of Pittsburgh, resulting in the victim's death. The shooting occurred at the home of the defendant to which the victim had gone with a friend. I fail to see how the alleged criminal act which occurred the day before would assist the jury in fairly resolving the issues of whether the defendant acted with malice on the day in question.

I agree with the majority that analysis of any challenged evidence for admissibility under the "same transaction" exception is a two-step process, the second step of which involves the balancing of the probity of that evidence against its prejudicial impact. *Commonwealth v. Shirey,* 333 Pa.Super. 85, 122, 481 A.2d at 1314, 1334–35. *See also Commonwealth v. Ulatoski,* 472 Pa. 53, 63 n. 11, 371 A.2d 186, 191 n. 11 (1977). Since I would find that the challenged evidence cannot be said to be a part of the same transaction, I would not reach the question of its prejudicial impact. It is, in my view, clearly inadmissible under *Commonwealth v. Fortune, supra.*

Were I to consider the challenged testimony as being admissible at the threshold, I would nevertheless find its probative value outweighed by the prejudice to the Appellant.

Three separate witnesses testified about Appellant's alleged attempted rape of the victim's wife on the night before the victim was shot. No cautionary instructions concerning the reference to appellant's prior criminal activity were given to the jury during the direct testimony of Mrs. Joyce. It was only after defense counsel, in his

cross-examination of Mrs. Joyce, began to explore the alleged rape incident that the trial court stated:

Let me caution the jury at this time that you are not to consider any aspect of whether there was an attempted rape by David Murphy against this woman here. That is no part of this case, but only entered for the purpose of showing the state of mind of her husband and that is all. So I want you to divorce yourself from that. The only thing you will be called upon to judge is the guilt or innocence to the homicide. So don't be misled. The only purpose for this being offered by the Commonwealth, as I stated, was to show that this information was related to the deceased and what happened thereafter.

N.T., 3/30/81 at 20, 21.

Also, no cautionary instructions were provided to the jury when Lisa French and Daniel Hunt made similar references to the alleged attempted rape. However, in its charge to the jury the trial court addressed the question of the alleged attempted rape in the following manner:

Now, you will recall that there was some testimony in this case with regard to an alleged attempted rape against Mrs. Joyce, the victim's wife. That should not be considered by you in any way in determining the guilt or innocence of this defendant with regard to the charges of criminal homicide against him, that is not part and parcel of this case and was only entered for the limited purpose of showing why he was present at the place where he mainly was, the dwelling house of the defendant at the time that his death resulted and that is the only purpose.

Don't get confused. There is no evidence on the record to indicate that there was an attempted rape, this is not a charge in this case, so you are to ignore it.

N.T., 4/2/81 at 349.

Without question, the trial court's charge to the jury on this point was a strong one, but in light of the nature of alleged prior criminal activity, no jury charge, no matter how effective, could cause the jury to "ignore" the alleged attempted rape.

In *Commonwealth v. Ewell*, 318 Pa.Super. 397, 465 A.2d 13 (1983) the defendant was tried for driving while under the influence of alcohol. One of the prosecution witnesses testified that the defendant told him he had had an incident before for drunken driving. In finding this testimony to be prejudicial, we stated:

> To believe that a jury could erase from its mind testimony that appellant had previously been involved in a drunken driving incident because the trial judge told them to do so is not at all realistic. Appellant was unfairly prejudiced by the prosecuting attorney's examination of a Commonwealth witness, and the trial court did not cure the prejudice.

*Id.*, 318 Pa.Superior Ct. at 402, 465 A.2d at 16.

In my view, testimony concerning a prior alleged attempted rape committed against the wife of a homicide victim is the type of testimony that a jury could hardly forget regardless of the nature of the cautionary instructions given by the trial judge. If testimony concerning a prior drunken driving incident could not be cured, then *a fortiori*, testimony about an alleged attempted rape is too prejudicial to be overcome with cautionary instructions or a strong charge to the jury.

The majority would also find that the challenged evidence is admissible under the "motive" exception as well as under the "same transaction" exception.

In order for the "motive" exception to apply, the testimony concerning the defendant's prior criminal activity must demonstrate a motive or reason for the *defendant* to have committed the crime for which he is being tried. Addressing this "motive" exception in *Commonwealth v. Roman*, 465 Pa. 515, 351 A.2d 214 (1976), Justice Eagen stated:

> One of the special circumstances, operating as an exception to the general rule, under which evidence of a distinct crime may be introduced against a defendant is that situation where the proffered testimony tends to establish defendant's motive for the killing charged in the indictment. *Commonwealth v. Schwartz*, 445 Pa. 515,

285 A.2d 154 (1971); *Commonwealth v. Coyle,* 415 Pa. 379, 203 A.2d 782 (1964); *Commonwealth v. Ferrigan,* 44 Pa. 386 (1863). However, to be admissible under the above exception, evidence of a distinct crime, even if relevant to motive, "must give sufficient ground to believe that the crime currently being considered grew out of or was in any way caused by the prior set of facts and circumstances." *Commonwealth v. Schwartz,* supra, 445 Pa. at 522, 285 A.2d at 158.

*Id.,* 465 Pa. at 524, 351 A.2d at 218–19. The motive of the *victim* of the crime is not a basis for exception to the general rule that evidence of prior criminal activity is inadmissible.

Neither the trial court in its charge to the jury, nor the Commonwealth on this appeal, has sought to advance the motive of the defendant as the reason for, or grounds in support of, the admission of the challenged testimony. I would not be inclined to speculate, as does the majority, on what may have caused the appellant to react as he did. The issue in this case is the *admissibility* of evidence of a prior crime, and not whether something said by the victim's wife to the victim may have prompted him to take certain action which may have, in turn, raised certain thoughts in the mind of the defendant.

Finally, even were I to concede that the *act* of alleged rape might fall under one of the exceptions relating to prior criminal acts, the majority has cited to no case, nor am I aware of one, which would hold that *hearsay statements* concerning prior criminal acts may rise to the level of *evidence* of prior criminal activity and thereby be admissible against a defendant. Sharon Joyce's testimony as to what she had earlier said to her husband was clearly hearsay as to the victim, Thomas Joyce. What he in turn repeated to Lisa French and Daniel Hunt was nothing more than double hearsay, insofar as French's and Hunt's testimonies set forth above are concerned.

The trial court, in its cautionary instruction to the jury, asserted that the evidence was being introduced "for the

purpose of showing the state of mind of [the victim] and that is all." N.T., 3/30/81 at 21. The state of mind of the victim is irrelevant to the issues necessary to be proved on the homicide charge against Appellant. I reject the majority's view that the statements are both relevant and admissible to prove the defendant's motive existing some twenty-four hours after the alleged prior criminal act occurred (and at least eight hours after the hearsay declaration was uttered). I must conclude that the challenged statements cannot even be characterized as proper evidence. If they are not proper evidence, we need not even consider whether, arguably, they might qualify as an exception to the rule laid down in *Fortune*. I, therefore, cannot accept the majority's determination in this case which, in my view, broadly expands the "same transaction" exception to permit hearsay utterances of alleged prior criminal activity.

Since I would conclude that the testimony by three witnesses concerning the alleged rape occurring the day before the incident here on appeal was inadmissible, I find the claim of ineffectiveness of counsel to be of arguable merit. The Commonwealth argues, in the alternative, that trial counsel had a reasonable basis for not objecting to the testimony concerning the alleged attempted rape. According to the Commonwealth's brief, the strategy of Appellant's trial counsel was based on an attempt to show that the victim was extremely angry and that trial counsel was attempting to bolster the Appellant's self-defense argument by demonstrating the victim's violent behavior. The Commonwealth's position is purely a speculative one. The trial court, following an evidentiary hearing, would be in a better position to determine what strategy, if any, Appellant's trial counsel may have been pursuing when he chose not to object to testimony of Appellant's alleged prior criminal activity. *Commonwealth v. Egan*, 335 Pa.Super. 474, 484 A.2d 802 (1984).

For all of the above reasons, I would vacate the judgment of sentence and remand for an evidentiary hearing on the ineffectiveness claim.