657 A.2d 973

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Douglas Earl STIFFLER, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 13, 1995.

Filed April 21, 1995.

378

Gary Knaresboro, Clearfield, for appellant.

Fredric J. Ammerman, Dist. Atty., Clearfield, for Com., appellee.

Before McEWEN, POPOVICH and CERCONE, JJ.

POPOVICH, Judge.

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Clearfield County, following appellant's conviction on two counts of burglary and two counts of criminal conspiracy. Herein, appellant contends that the lower court erred when it refused to grant a mistrial after a Commonwealth witness testified during direct examination that appellant was involved in a separate, uncharged burglary on the night in question. Finding no error, we affirm.

On or about October 22 and November 9, 1993, appellant and his then paramour, Barbara Simmers, forcibly entered the True Value Hardware store in Bell Township, Clearfield County, after business hours and removed, *inter alia*, cash, tools, space heaters and watches. Barbara Simmers testified extensively for the prosecution. After describing the events

of the burglaries, the following exchange occurred between Ms. Simmers and the prosecution:

Q. Okay. To go back to the store for just a second, please, did he go into any other structure while you were at the store the second time?

A. He went over to B & B's.

Q. Now, what is B & B's?

A. A gas station.

Q. Now, where is that?

A. Right—it hooked right on to it.

Q. Okay. Would that be this area here or up here?

A. Down at the bottom.

Q. Down here?

A. Yes.

Q. So, you're saying he went into the gas station?

A. Yes.

Q. Did you go in there with him?

A. Yes.

Q. Did you take anything from there?

A. No.

Q. All right. What did he take from there?

A. He took some money out of the drawers and he said he was going to look in there and see if the safe was in there, because he knew they had one.

[Appellant's counsel]: Your Honor, may we approach?

(Whereupon a side bar was held off the record.)

N.T., 5/19/94, pp. 96–97.

Questioning of Barbara Simmers continued for a short period of time after the side bar. The jury was then recessed, and appellant's counsel moved for a mistrial out of the presence of the jury.

[APPELLANT'S COUNSEL]: Your Honor, I believe at this time I am in a position to ask for a mistrial. As a matter of fact, I am forced to ask for a mistrial, in light of the fact that this witness testified to the prosecutor's ques-

tion that the [appellant] broke into I believe it was B & B gas station, looked for money, I believe she said he took money, and he was also looking for a safe in there.

That is not listed in the information. That is a separate business. It has nothing to do with these charges.

In light of the fact that we're bringing in other crimes, I think I have to ask for a mistrial, and I believe I am entitled to it.

Also, Your Honor, I believe I have other grounds for a mistrial. Subsequent to that statement the witness testified that the defendant wanted her to burglarize True Value again. I believe that would be the crime of Solicitation. On that, Your Honor, I think I'm entitled to a mistrial.

THE COURT: Well, I'm not going to grant the motion. I think since it was part of the same alleged event that evening I am going to deny your motion. Mr. [Prosecutor], don't get into that again.

N.T., 5/19/94, pp. 108–109.

In addressing appellant's argument that evidence of the distinct burglary of B & B gas station was improperly admitted into evidence, we are guided by our Supreme Court's decision in *Commonwealth v. Lark*, 518 Pa. 290, 543 A.2d 491 (1988), wherein our Supreme Court stated:

Evidence of distinct crimes are not admissible against a defendant being prosecuted for another crime *solely* to show his bad character and his propensity for committing criminal acts. *Commonwealth v. Banks*, 513 Pa. 318, 349, 521 A.2d 1 (1987); *Commonwealth v. Morris, supra* [493 Pa. 164] at 175, 425 A.2d [715] at 720 [ (1981) ]. However, evidence of other crimes and/or violent acts may be admissible in special circumstances where the evidence is relevant for some other legitimate purpose and not merely to prejudice the defendant by showing him to be a person of bad character. *Commonwealth v. Claypool*, 508 Pa. 198, 495 A.2d 176 (1985). As we recently stated in *Banks:*

[T]he general rule prohibiting the admission of evidence of prior crimes nevertheless

allows evidence of other crime be introduced to prove (1) motive; (2) intent, (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial, in other words, where there is such logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other.

*Commonwealth v. Morris, supra* at 493 Pa. [at] 175 [425 A.2d 715]. This list of "special circumstances" is not exclusive, and this Court has demonstrated it will recognize additional exceptions to the general rule where the probative value of the evidence outweighs the tendency to prejudice the jury. *Commonwealth v. Claypool, supra* (evidence of defendant's prior criminal activity is admissible where defendant makes statement about such activity in order to threaten and intimidate victim and where force or threat of force is element of crime for which defendant is prosecuted).

513 Pa. at 350, 521 A.2d at 17. Another "special circumstance" where evidence of other crimes may be relevant and admissible is where such evidence was part of the chain or sequence of events which became part of the history of the case and formed part of the natural development of the facts. *Commonwealth v. Murphy,* 346 Pa.Super. 438, 499 A.2d 1080, 1082 (1985), quoting *Commonwealth v. Williams,* 307 Pa. 134, 148, 160 A. 602, 607 (1932). This special circumstance, sometimes referred to as the "res gestae" exception to the general proscription against evidence of other crimes, is also known as the "complete story" rationale, i.e., evidence of other criminal acts is admissible "to complete the story of the crime on trial by proving its immediate context of happenings near in time and place." McCormick, *Evidence,* § 190 (1972 2d ed.); *Carter v. United States,* 549 F.2d 77 (8th Cir.1977); *United States v. Weeks,* 716 F.2d 830 (11th Cir.1983); *see also Commonwealth v.*

*Coyle,* 415 Pa. 379, 389–91, 203 A.2d 782, 787 (1964) (evidence of other crimes were interwoven with crimes for which defendant was being prosecuted).

*Lark,* 518 Pa. 303, 543 A.2d at 497.

 Applying the law set forth in *Lark, supra,* we find that the evidence of the burglary of B & B gas station was properly admitted under the "res gestae" exception to the general proscription against evidence of other crimes. The burglary of the True Value and the burglary of B & B gas station occurred proximate in time on the same night. Barbara Simmers was the accomplice in both burglaries. Further, the two buildings are adjacent. Ms. Simmer's testimony concerning the burglary of B & B gas station was clearly admissible "to complete the story" of the burglary of the True Value hardware store by "demonstrating the history and natural development of the facts." *Lark,* 518 Pa. 305, 543 A.2d at 498 (evidence of murder, terroristic threats and kidnapping were all admissible in burglary trial to complete the story of the crime); *Commonwealth v. Wharton,* 530 Pa. 127, 607 A.2d 710 (1992) (evidence of brutality to victim's child was admissible in murder case to set forth the history of the events on trial).

Judgment of sentence affirmed.