**[J-52-2016][M.O. – Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 704 CAP |
| | : | |
| Appellee | : | Appeal from the Order dated 11/26/14 |
| | : | in the Court of Common Pleas, Criminal |
| | : | Division, Philadelphia County at Nos. |
| v. | : | CP-51-CR-0508652-1999, CP-51-CR- |
| | : | 0607431-1999 and CP-51-CR-1008141- |
| | : | 1999 |
| | : | |
| BERNARD COUSAR, | : | |
| | : | |
| Appellant | : | SUBMITTED: March 15, 2016 |

## *CONCURRING AND DISSENTING OPINION*

**CHIEF JUSTICE SAYLOR**                          **DECIDED: February 22, 2017**

I join Parts I, II, III, and VI(B) of the majority opinion, concur in the result as concerns Parts IV, VI(A), VII, VIII, and IX, and respectfully dissent as to the balance, in favor of a fuller evidentiary hearing.

Preliminarily, I note that the allegations of the post-conviction petition include the following:

> As shown throughout this Petition, [Appellant's trial] counsel had done very little to prepare for trial. [The attorney] retained no experts and no investigator. He seemed not to understand, or even to be familiar with, significant discovery materials provided before trial to the prosecution. He failed to interview critical guilt phase witnesses. He failed to interview and present other witnesses, identifiable through reasonable investigation, who could have cast doubt on essential aspects of the Commonwealth's case. He ignored and avoided Petitioner's family, who, from the earliest days

> of [counsel's] appointment, were eager to work with the defense and could have supplied a wealth of helpful evidence and investigative leads. He also failed to obtain and review available school and juvenile records which contained numerous mitigation "red flags," even though the defense was on notice that the Commonwealth would be using Petitioner's juvenile adjudication at the penalty phase to prove the existence of an aggravating circumstance. Indeed, [counsel] was so neglectful that he failed to visit Petitioner, who was held in county jail without bail, one single time before or during Petitioner's trial. In short, [counsel] neglected his duty at every stage to investigate, prepare and present an adequate defense.

Petition for Habeas Corpus and Statutory Post-Conviction Relief in *Commonwealth v. Cousar*, CP-51-0508652-1999, *et al.* (C.P. Phila.), at ¶11. Moreover, by agreement, Petitioner has been awarded a new penalty hearing based upon his claim that counsel failed to investigate, develop, and present mitigation evidence at his penalty hearing. *See Commonwealth v. Cousar,* No. CP-51-0508652-1999, *et al., slip op.* at 2 (C.P. Phila. Aug. 12, 2015).

To my mind, the above allegations and circumstances raise substantial concern, particularly as they are consistent with a pattern of deficient representation that we have seen in capital litigation in Pennsylvania, *see, e.g.*, *Commonwealth v. King*, 618 Pa. 405, 448-57, 57 A.3d 607, 633-38 (2012) (Saylor, J., concurring specially), and in light of systemic issues. *See, e.g.*, *Commonwealth v. Roney*, 622 Pa. 1, 90, 79 A.3d 595, 648 (2013) (Saylor, J., dissenting) (referencing a report of a special master who determined that the compensation scheme for capital counsel in Philadelphia was "grossly inadequate," "completely inconsistent with how competent trial attorneys work," "punishes counsel for handling cases correctly," and "unacceptably increases the risk of ineffective assistance of counsel in individual cases"). In this landscape, my general inclination remains that post-conviction courts should err on the side of affording the opportunity for evidentiary hearings, rather than effectuating summary dismissals

premised on technical grounds. *See, e.g.*, *Hutchinson*, 611 Pa. at 363, 25 A.3d at 325-26 ("I believe that the appropriate way for this Court to address the intractable difficulties which have arisen in the death-penalty arena is to consistently enforce the requirement of an evidentiary hearing where material facts are in issue; to require appropriately developed factual findings and legal conclusions of the PCRA courts; and to apply consistent and fair review criteria on appeal.").

Regarding Part IV(A) of the majority opinion, I support the reasoning and determination, subject to the following. Initially, I agree with the majority that, to the extent that there is a specific requirement for some form of attestation from a capital defendant's trial attorney to support a post-conviction petition, that requirement should not be strictly enforced. I remain circumspect, however, about maintaining the requirement for a specific attestation of counsel in the first instance, particularly since trial counsel whose stewardship is in question effectively may be a hostile witness. *Accord Commonwealth v. Roney*, 622 Pa. 1, 90 n.3, 79 A.3d 595, 648 n.3 (2013) (Saylor, J., dissenting) (observing that "since counsel's stewardship is generally under attack by the petitioner on collateral review, counsel may not be cooperative, and, thus, the petitioner may be relegated to adducing proof through what effectively amounts to cross-examination").[1]

---

[1] I also note that the majority refrains from framing the proffer obligation in terms of a requirement to submit an "affidavit." *See* Majority Opinion, *slip op.* at 14-15 (indicating that "a *supporting document*" from counsel stating the reasons for the course chosen is generally necessary to establish potential entitlement to a hearing"). To my mind, some clarification is warranted in light of the following.

In 2005, writing from a responsive posture, a Justice made a point of highlighting the distinction between affidavits and declarations, for purposes of post-conviction evidentiary proffers, expressing disapproval of the use of the latter. *See Commonwealth v. Brown*, 582 Pa. 461, 510-14, 872 A.2d 1139, 1168-70 (2005) (Castille, J., concurring). Such perspective has been integrated into various majority (continued…)

Regarding Part V, I agree with the majority that evidence of the uncharged robbery was relevant to Appellant's motive, *see* Majority Opinion, *slip op.* at 22, but I am circumspect about continuing references to a *res gestae* exception to the prohibition against other-bad-acts evidence. *See id.* Notably, recourse to *res gestae* has been derided by legal commentators for a century, *see, e.g.*, 1 JOHN H. WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW §218 (1904) (depicting the term as "useless and vicious," while urging that "legal discussion sedulously avoid this much-abused and wholly unmanageable Latin phrase"), and has been abandoned by many courts. *See, e.g.*, *State v. Fetelee*, 175 P.3d 709, 723-24 (Haw. 2008) (collecting cases).[2] While acknowledging that I also have relied on the phrase in past opinions, I tend toward the view that *res gestae* should now be regarded as an "ancient phrase [that] can be

---

(…continued)
expressions of the Court in subsequent years. *See, e.g.*, *Commonwealth v. Hutchinson*, 611 Pa. 280, 343 n.19, 25 A.3d 277, 313 n.19 (2011). For my own part, however, I continue to believe that enforcing a requirement for affidavits as such in this context is unnecessarily formalistic and burdensome. *See, e.g.*, *id.* at 362-63, 25 A.3d at 325 (Saylor, J., dissenting) ("In light of the limited purposes for which such documents are submitted -- which is not to prove a claim, but merely to demonstrate that material facts are in issue and an evidentiary record should be developed -- I do not see why the distinction between the different forms of submissions continues to be highlighted in our opinions."); *see also* Pa.R.Crim.P. 902(A)(12)(b) (discussing post-conviction evidentiary proffers not only in terms of "affidavits," but also, "documents, and other evidence showing [the asserted] facts").

I also believe that, to the extent that a specific requirement for affidavits existed or exists in the abstract, there has been and is tremendous inconsistency in how such requirement is being observed, since many decisions do not appear to reflect enforcement.

[2] Indeed, the Superior Court previously expressed the view that *res gestae* should be abandoned as it applies (as I believe that it is being applied by the majority here) to conduct that is not part of the same transaction as the charged conduct. *See Commonwealth v. Murphy*, 346 Pa. Super. 438, 444, 499 A.2d 1080, 1083 (1985).

jettisoned, with due acknowledgement that it served an era in the evolution of evidence law." *Id.* at 723 (quoting 2 JOHN W. STRONG, MCCORMICK ON EVIDENCE §268 (4th ed. 1992)).

Furthermore, I would require that Appellant be afforded an opportunity for evidentiary development, at least with respect to the claim of deficient stewardship on trial counsel's part for failing to request a limiting instruction. On this issue, as with the claim pertaining to the ballistics evidence, Appellant's failure to supply a particularized evidentiary proffer may relate to the lack of a developed proffer from trial counsel.

Concerning Part VII, from a broad perspective, I am circumspect about whether trial counsel could have a reasonable explanation why he would not have solicited interviews from eyewitnesses who did not identify his client at a line up. *See* Brief for Appellant at 80 (asserting that trial counsel's "decision to forego presenting the testimony of eyewitnesses who did not identify Appellant at the line-up was unreasonable because it was made with no advance preparation"). Nevertheless, in the absence of any post-conviction proffer concerning what those witnesses might have said, I accede to the position of the majority and the PCRA court that this particular claim was amenable to summary rejection.[3]

With respect to Part VIII and the jury charge concerning the overarching burden of proof, I believe that a trial court should instruct jurors that they are to consider *all* of the evidence in determining whether the Commonwealth has established the case for guilt beyond a reasonable doubt. *Accord Martin v. Ohio*, 480 U.S. 228, 234, 107 S. Ct.

---

[3] I believe, however, that dismissal of a claim based upon the inadequacy of a proffer should occur only after adequate pre-dismissal notice of such deficiency and an opportunity to correct it. *See generally Commonwealth v. Simpson*, 620 Pa. 60, 115, 66 A.3d 253, 286 (2013) (Saylor, J., dissenting) (discussing inconsistencies in the PCRA courts' provision of the required pre-dismissal notice of the reasons supporting dismissal).

1098, 1102 (1987) (reviewing trial court instructions to determine whether they were adequate to convey that "all of the evidence . . must be considered in deciding whether there was a reasonable doubt about the State's proof of the elements of the crime"). Furthermore, I would have concerns about the stewardship of a defense attorney failing to ask a court to do so. Here, however, although the trial court's instructions are not entirely clear in this regard, read as a whole, they would seem to have sufficiently covered the relevant direction. *See, e.g.*, N.T., May 8, 2001, at 85 (reflecting the instruction that the jurors were to determine "not which side produced the most evidence, but instead, which evidence you believe"); *id.* at 123 (reflecting the charge that the jurors "should take each item of evidence as presented with c[a]reful consideration").

As to Part IX, I have difficulty with the majority's treatment of Appellant's conflict-of-interest claim as an after-discovered evidence challenge. *See* Majority Opinion, *slip op.* at 35. This claim concerns post-trial representation and appears to have been raised at the earliest subsequent opportunity at which Appellant was represented by an attorney who was not purportedly conflicted. I agree, however, that a sufficient proffer regarding prejudice is lacking. *See id.*

Finally, with respect to the fact-bound matters associated with Part X, and consistent with my thoughts expressed from the outset, I would err on the side of allowing for evidentiary development and associated credibility determinations.

Justice Donohue joins this concurring and dissenting opinion.