499 A.2d 1099

**COMMONWEALTH of Pennsylvania**

**v.**

**Robert P. BRYANT, Appellant.**

Superior Court of Pennsylvania.

Submitted June 18, 1985.

Filed Oct. 25, 1985.

Alonzo Burney, McKeesport, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before ROWLEY, OLSZEWSKI and DEL SOLE, JJ.

OLSZEWSKI, Judge:

This appeal is from the order of the Court of Common Pleas of Allegheny County denying appellant's motion to quash on ground of double jeopardy and due process. Record at 6. In its opinion filed pursuant to Rule 1925, Pa.R.A.P., record at 9, the lower court cited our decision in *Commonwealth v. Brooks,* 330 Pa.Super. 355, 479 A.2d 589 (1984), as controlling. We affirm the order of the lower court. In so doing, we reaffirm our holding in *Brooks, supra,* but recognize a distinction in light of the peculiarities of the instant case.

In *Brooks, supra,* we decided that the double jeopardy clause of the federal and state constitutions did not preclude criminal prosecution subsequent to a disciplinary proceeding and imposition of sanction in a correctional institution. U.S. Const.Amends. V and XIV; Pa. Const. Art. I, Sec. 10. We discussed the independent purposes served by each proceeding and recognized that the raison d'etre of the double jeopardy clause was to "require that person be

subject only once to a criminal punishment designed to vindicate public justice." *Brooks, supra,* at 330 Pa.Super. 355, 360, 479 A.2d 589, 592 (1984). Since prison disciplinary action is "not exercised primarily to punish, but for the alternative purpose of controlling behavior in order to maintain safety, security, order and to accomplish rehabilitation," we concluded that no constitutional harm would result from criminal prosecution arising from the same facts and circumstances which precipitated the discipline. *Id.* at 330 Pa.Super. 355, 362–3, 479 A.2d 589, 593 (1984).[1]

The circumstances of the instant case are significantly different from those presented in *Brooks, supra.* Our review of the record indicates that appellant is charged with one count of criminal homicide. Record at 1. Also, the lower court's Rule 1925 opinion, Pa.R.A.P., indicates that in the prison disciplinary proceeding, appellant was adjudicated guilty of a number of offenses including assault by a life prisoner. While the record is unclear, it is apparent that appellant may well be facing a capital trial upon our affirmance of the lower court's order. *See:* 42 Pa.C.S.A. Sec. 9711(d)(10).

Capital cases are significantly different and wear a cloak of seriousness not worn by any other cases. In this Commonwealth, the capital case is and must be treated with the utmost caution at every stage of the proceedings in the protection of constitutional rights. For example, the Sentencing Code provides for a separate sentencing hearing after return of a verdict of guilty of murder in the first degree. 42 Pa.C.S.A. Sec. 9711(a) and (b). This hearing is conducted as a separate trial of evidence relating to statutorily defined aggravating and mitigating factors surrounding the defendant and the circumstances of his crime. *Id.* Sec. 9711(d) and (e). If a verdict in favor of death is returned by the jury, it is presented to the trial judge. *Id.* Sec. 9711(g).

---

**1.** Obviously, statements made by the defendant at the disciplinary stage cannot be used against him at the criminal proceeding, nor can his decision to present a defense at the disciplinary stage be construed as a waiver of his right not to incriminate himself at the subsequent criminal trial.

If, after review, the trial judge imposes the sentence of death,[2] the entire matter is subject to an automatic appeal to the Supreme Court. *Id.* Sec. 9711(h). At this stage, "(i)n addition to its authority to correct errors at trial, the Supreme Court shall either affirm the sentence of death, or vacate the sentence of death and remand for the imposition of a life imprisonment sentence." *Id.* Sec. 9711(h)(2). The Supreme Court has also held that on such appeal it shall conduct an independent review of the evidence to determine its sufficiency, even when the issue has not been raised. *Commonwealth v. Frey,* 504 Pa. 428, 475 A.2d 700 (1984). These procedural safeguards and the purpose behind them require us to act with equal caution. In reaffirming our holding in *Brooks, supra,* as it relates to the issue of double jeopardy, we do not diminish it in any way but merely recognize the statutory and case law directives which distinguish the capital case and demand a more copious exercise of constitutional protection. Thus while a double jeopardy argument will not prevent prosecution in a case such as this present, we cannot so easily dismiss due process and other constitutional claims raised in the declaredly capital case.[3] A brief discussion at the hearing on appellant's motion indicates uncertainty over the capital nature of the proceedings, at least as it relates to an assumed codefendant of appellant. N.T. at 7. No other mention is made of the

2. While not cited specifically in the statute, 42 Pa.C.S.A. Sec. 9711, the trial court, as in any other case, retains its right to review the evidence at the penalty stage, the findings of the jury, and the propriety of these findings relating to death. *Cf.* Rules 1123 and 1124, Pa.R.Crim.P.

3. In *Brooks, supra,* we declined to address the due process arguments of the appellant, citing *Commonwealth v. Klobuchir,* 486 Pa. 241, 248 n. 5, 405 A.2d 881, 884 n. 5 (1979). In *Klobuchir, supra,* the Supreme Court displayed a reluctance to consider constitutional arguments, other than those relative to double jeopardy, on interlocutory appeal. The Court cited *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977), as extending interlocutory jurisdiction in double jeopardy situations, and while not absolutely precluding this jurisdiction in other cases, declared that the purpose of jurisdictional assumption in *Bolden, supra,* was not to "resolve any and all constitutional questions raised pre-trial by the appellant." *Klobuchir, supra,* 486 Pa. 241, 248 n. 5, 405 A.2d 881, 884 n. 5 (1979). It is in the setting of a capital matter that further discussion of this jurisdictional question is warranted.

capital issue nor the bearing this will have on appellant's case.  Appellant, however, raises his constitutional issues in the same vacuum as *Brooks, supra,* without reference to such capital possibilities.  These issues are not justiciable in this context and will not be reviewed.

Affirmed.

ROWLEY and DEL SOLE, JJ., concur in the result.