## Commonwealth v. Calamese

*Todd E. Brown, assistant district attorney,* for Commonwealth.

*Jay M. Whittington,* for defendant.

FARINA, *P.J.,* October 15, 2009—On May 12, 2009, the defendant, Kyle Calamese, pled guilty to robbery, criminal conspiracy, and burglary, all felonies of the first degree, for his involvement in a home break-in occurring December 27, 2007. The court delayed sentencing until the conclusion of a presentence investigation. At the guilty plea hearing, the defendant challenged the amount of restitution owed and the applicability of the deadly weapon enhancement[1] to any sentence imposed. This

---

1. 204 Pa. Code §303.18.

court heard testimony regarding these issues on July 20, 2009. After hearing such testimony, the court sentenced defendant to an aggregate sentence of seven to 14 years imprisonment, plus restitution in the amount of $6,513 and costs. The defendant filed a motion to modify sentence with this court on July 30, 2009, which the court denied on August 5, 2009. The defendant filed a timely appeal to the Pennsylvania Superior Court on September 4, 2009.

The defendant lists two complaints in his statement of matters complained of on appeal: (1) that the court erred in applying the deadly weapon enhancement to defendant's sentence; and (2) that the court erred in denying defendant's motion to modify/reduce sentence.

Defendant first complains that the court erred in applying the deadly weapon enhancement to his sentence, as he contends that he possessed only a small bat and the Commonwealth presented no evidence to indicate he intended to use the knife or gun possessed by his co-defendants during the commission of the offense. The court finds no merit to this argument, finding that the Commonwealth presented evidence demonstrating that the defendant both possessed and actually used a deadly weapon in commission of the offense.

Pennsylvania law defines a "deadly weapon" as any "firearm, loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality which, in the manner in which it is used or intended to

be used, is calculated or likely to produce death or serious bodily injury." 18 Pa. C.S. §2301.

If a court determines that a defendant utilized a deadly weapon in the commission of an offense, the court must apply the deadly weapon enhancement to the defendant's sentence; the court has no discretion to disregard the enhancement. 204 Pa. Code 303.4, 303.9; *Commonwealth v. Peer,* 454 Pa. Super. 109, 124, 684 A.2d 1077, 1084 (1996). Items not normally considered deadly weapons can take on such status on the basis of their use under the circumstances. See *Commonwealth v. Scullin,* 414 Pa. Super. 442, 607 A.2d 750 (1992).

The Commonwealth presented sufficient evidence to demonstrate that the defendant possessed a "device designed as a weapon" that has the capability "to produce death or serious bodily injury," and that the defendant used or intended to use the weapon in a manner "calculated or likely to produce death or serious bodily injury." The victim's testimony demonstrated that, when he opened his front door, he found the co-defendant holding a gun and the defendant yielding a 12- to 18-inch long wooden bat in his hand. (Notes of testimony, PCRA hearing, N.T.P., 10-11, 24.) The defendant immediately used this bat to strike the victim in the head. (N.T.P. 10-11, 24.) Defendant also repeatedly threatened the victim with the instrument to ensure the victim's cooperation throughout the commission of the offense. (N.T.P. 12, 14.) This evidence adequately supports the court's finding that the deadly weapon enhancement was appropriately applied to the defendant's sentence.

The victim's testimony also demonstrated that, during the robbery, the defendant stood within arm's reach of the knife and gun possessed by his co-defendants and could easily access them. (N.T.P. 15-16.) This evidence sufficiently supports the court's finding that the deadly weapon enhancement also applied based on the defendant's accessibility to the deadly weapons his co-defendants possessed during the commission of the offense.

Defendant secondly complains that the court erred in denying the defendant's motion to modify/reduce sentence. The court finds no merit in this argument, as the court properly applied the deadly weapon enhancement and imposed a sentence within the standard range of sentencing guidelines and did not exceed the statutory maximum.

Accordingly, defendant's sentence should be upheld and his appeal should be dismissed.