J-S49039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MANUEL MARTINEZ | |
| Appellant | No. 122 EDA 2014 |

Appeal from the Judgment of Sentence entered February 15, 2013
In the Court of Common Pleas of Northampton County
Criminal Division at No: CP-48-CR-0002021-2012

BEFORE:  OLSON, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 14, 2014**

Manuel Martinez ("Appellant") appeals from the judgment of sentence imposed on February 15, 2013 in the Court of Common Pleas of Northampton County.  Upon review, we affirm.

Following a jury trial, Appellant was convicted of robbery, simple assault, theft by unlawful taking and recklessly endangering another person,[1] for robbing taxicab driver Angelo Villamil at gunpoint on April 8, 2012.  Mr. Villamil's girlfriend, April Nieves, was with him in the cab at the time of the robbery.  Both she and Mr. Villamil testified for the prosecution at trial.

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii) and (iv), 2701(a)(3), 3921 and 2705.

Appellant received an aggregate sentence of six years and five months to twenty years in state prison. He filed post-trial motions on February 25, 2013, which the trial court denied by order entered on December 3, 2013. This timely appeal followed.

In his statement of errors complained of on appeal filed pursuant to Pa.R.A.P. 1925(b), Appellant raised three issues:

1. [Appellant] believes, and therefore avers, that the Trial Court erred in denying [Appellant's] counsel the opportunity to introduce Ms. Nieves' admitted criminal conduct to the jury;

2. [Appellant] believes, and therefore avers, that the verdict as to all charges is against the weight of the evidence; [and]

3. [Appellant] believes, and therefore avers, that the evidence produced at Trial was insufficient to sustain a conviction on all charges.

Appellant's Statement of Errors Complained of on Appeal, 1/24/14, at ¶ 9.

In presenting the Statement of Questions Involved in his brief, Appellant does not repeat his Rule 1925(b) issues but instead sets forth the following sole issue: "Whether [the] Trial Court committed reversible error requiring an arrest of judgment and/or the granting of a new trial?" Appellant's Brief at 1.[2]

_____

[2] We remind Appellant's counsel that Pa.R.A.P. 2116 (Statement of Questions Involved) directs, *inter alia*:

**a) General rule.** The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary

*(Footnote Continued Next Page)*

Appellant alleges trial court erred by denying him the opportunity to introduce certain conduct of Ms. Nieves to the jury. As the trial court explained:

> Ms. Nieves testified at Trial that she was with Mr. Villamil when Appellant robbed them at gunpoint. Ms. Nieves further testified that she knew it was Appellant who robbed them because she was familiar with him from the neighborhood. Ms. Nieves testified she called Appellant's girlfriend in an attempt to get the money back but that Appellant called Ms. Nieves and told her he was not returning anything. Ms. Nieves further testified that she was intimidated by both Appellant and his girlfriend at the preliminary hearing and that is why she testified that she was on heroin at the time of the robbery and did not remember anything. However, at Trial, Ms. Nieves emphatically testified that Appellant was the person who robbed them.

*(Footnote Continued)* _____

> detail. The statement will be deemed to include every subsidiary question fairly comprised therein. No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.

The issue as presented in Appellant's brief is overly broad and does not shed any light on the issue to be resolved. As such, it fails to comply with Rule 2116. "Generally, questions not presented in the 'Statement of Questions Involved' are deemed waived." **Bailey v. Storlazzi**, 729 A.2d 1206, 1210 (Pa. Super. 1999) (citation omitted). However, because the wording of Issue 1 in Appellant's 1925(b) statement embodies the argument presented in his brief, we are willing to overlook this shortcoming, finding that Appellant's violation of Rule 2116, while egregious, does not impede our ability to address the merits of the issue relating to the trial court's evidentiary ruling.

Although we are willing to consider Appellant's challenge to the trial court's ruling, we note that Appellant's brief does not address the weight and sufficiency of evidence challenges asserted in Issues 2 and 3 of his 1925(b) statement. Because Appellant has abandoned those issues, we shall not address them further.

There was further evidence presented at Trial that Appellant was the person who robbed the victims, Angelo Villamil and April Nieves. Mr. Villamil also emphatically testified Appellant robbed him at gunpoint by tapping on his taxi-cab window, putting a gun to this face and saying "give me the money." Mr. Villamil's testimony corroborated Ms. Nieves' testimony regarding the events that transpired at the time they were robbed and in the moments following the robbery. Mr. Villamil also testified that he felt threatened at the preliminary hearing and that is why he testified at that time that he could not identify the Appellant as the person who robbed him.

Throughout the Trial the victims testified they lied at the preliminary hearing because they felt threatened or intimidated by the Appellant. Both witnesses testified they were positive it was Appellant who robbed them, and that they gave the same statement to the police the morning of the robbery. Moreover, the responding officer's testimony corroborated the testimony of both Mr. Villamil and Ms. Nieves. Officer Albert Strydesky, of the Bethlehem Police Department, testified at Trial that he was dispatched to the scene of an armed robbery just after six o'clock in the morning (6:00AM) on April 8, 2012. Officer Strydesky testified that Mr. Villamil reported to him that they were "robbed at gunpoint by a Hispanic male wearing a black hooded sweatshirt" and both Mr. Villamil and Ms. Nieves reported the Appellant used a black semi-automatic gun during the robbery. Further, Officer Strydesky testified there was nothing about either Mr. Villamil or Ms. Nieves that would have led him to believe they were impaired in any way at the time they gave statements about the robbery. Officer Strydesky also confirmed Ms. Nieves' testimony regarding the phone call placed to Appellant's girlfriend and the phone call received from Appellant stating he was not going to return the money.

Trial Court Opinion ("T.C.O.") pursuant to Pa.R.A.P. 1925(a), 2/17/14, at 8-9 (references to Notes of Testimony omitted).

As for the conduct Appellant wanted to bring before the jury, the trial court explained:

Here, Appellant avers this Court erred by not allowing the Commonwealth's witness, Ms. Nieves, to be questioned about an

- 4 -

incident which occurred in the District Attorney's Office while Ms. Nieves was waiting to testify at Trial. * * * She took money from a jar but, after being confronted by Office Staff, returned a portion or all of the money. The Prosecuting Attorney did not learn of this incident until after Ns. Nieves testified and she was excused.

*Id.* at 5-6 (references to Notes of Testimony omitted).

Appellant argues:

The fact that [Ms. Nieves'] uncharged criminal conduct occurred during the trial, prior to her taking the witness stand, was incredibly material to the issue of her credibility. Further, the victim of the uncharged criminal conduct was the District Attorney's Office, the very same office to whom she was testifying on their behalf [sic], and also the Authority who would prosecute her for her admitted criminal conduct. Therefore, her criminal conduct is at the very forefront of her state of mind and credibility when she took the witness stand. Ms. Nieves' subjective state of mind in that she had a strong reason to lie and to testify in a manner that would help the prosecutor should have been brought to the Jury's attention during cross examination. Ms. Nieves' admitted uncharged criminal conduct was highly relevant and probative and should have been brought before the Jury. Finally, Ms. Nieves was never prosecuted for her admitted theft from the District Attorney's Office which further solidifies her subjective state of mind and reason to lie and testify in a way that would help the Prosecutor.

Appellant's Brief at 7 (citation omitted).

Appellant contends the trial court improperly prevented him from attacking Ms. Nieves' credibility by introducing evidence of her misconduct. Generally, the credibility of any witness may be attacked by any party by any evidence relevant to that issue. Pa.R.E. 607(a) and (b). "Evidence is relevant if it logically tends to establish a material fact in the case or tends

to support a reasonable inference regarding a material fact."

***Commonwealth v. Reid***, 811 A.2d 530, 550 (Pa. 2002).

This Court has stated:

In reviewing a trial court's ruling on the admissibility of evidence, our standard of review is one of deference. It is firmly established, questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and [a reviewing court] will not reverse the court's decision on such a question absent a clear abuse of discretion.

***Commonwealth v. Baker***, 963 A.2d 495, 503-04 (Pa. Super. 2008) (internal quotation and citation omitted). An abuse of discretion requires "not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." ***Id.*** at 504 (internal quotation and citation omitted).[3]

_____

[3] Appellant's Statement of Scope and Standard of Review suggests that "[t]he standard of review herein is whether or not the Trial Court committed reversible error requiring arrest of judgment and/or the granting of a new trial." Appellant's Brief at iii. We remind Appellant's counsel that:

"Scope of review" refers to "the confines within which an appellate court must conduct its examination." In other words, it refers to the matters (or "what") the appellate court is allowed to examine. In contrast, "standard of review" refers to the manner in which (or "how") that examination is conducted.

Pa.R.A.P. 2111, *Note* (quoting ***Morrison v. Commonwealth, Dept. of Public Welfare***, 646 A.2d 565, 570 (Pa. 1984)).

With respect to acts of misconduct, our Supreme Court has recognized that "[t]he admission of evidence of prior bad acts is solely within the discretion of the trial court, and the court's decision will not be disturbed absent an abuse of discretion." **Commonwealth v. Patterson**, 91 A.3d 55, 68 (Pa. 2014) (citing **Commonwealth v. Chmiel**, 889 A.2d 501, 534 (Pa. 2005)). Further, our rules of evidence provide that "the character of a witness for truthfulness may not be attacked or supported by cross-examination or extrinsic evidence concerning specific instances of the witness' conduct." Pa.R.E. 608(b)(1).[4]

The issue of Ms. Nieves' conduct was brought to the attention of the trial court and Appellant's counsel by counsel for the Commonwealth on December 4, the day after Ms. Nieves testified. Notes of Testimony, 12/4/12, at 113. Appellant's counsel requested that the jury be told about the incident. **Id.** Counsel for the Commonwealth countered that Ms. Nieves' uncharged criminal conduct was not the type of action that could be the subject of impeachment and argued it would inject collateral matters into the trial. **Id.** at 113-14. The trial court ruled the conduct was irrelevant and not probative. **Id.** at 114.

The trial court explained that it did not allow cross-examination of Ms. Nieves concerning her misconduct because the trial court "did not believe

---

[4] Pa.R.E. 608(b) and Pa.R.E. 609 provide an exception for evidence of conviction of a crime, an exception that does not apply in this case.

any bias existed at the time and that such cross-examination would be improper impeachment evidence." T.C.O. at 5. The trial court recognized there were no criminal charges pending against Ms. Nieves as a result of the incident involving taking and returning money while she was waiting to testify. *Id.* The trial court found no reason to believe Ms. Nieves was biased when she testified and no reason to believe she would receive any favorable treatment for testifying in favor of the prosecution. *Id.* at 6. Consequently, the trial court determined that excluding evidence of the uncharged criminal conduct did not constitute error. *Id.* Again, "questions concerning admissibility of evidence lie within the sound discretion of the trial court." *Baker*, 963 A.2d at 504. Moreover, "[t[he controlling precedent in this Commonwealth provides that specific acts of alleged misconduct cannot be introduced to impeach a witness." *Commonwealth v. Peer*, 684 A.2d 1077, 1083 (Pa. Super. 1996). We find no abuse of discretion in the trial court's preclusion of cross-examination relating to Ms. Nieves' alleged act of misconduct.

We recognize that generally "defense counsel must be permitted to cross-examine a Commonwealth witness on possible favorable treatment or expectations of such favorable treatment in exchange for testimony for the prosecution. Failure to allow cross-examination to reveal possible bias of this nature is error and will require a new trial unless the error can be shown to have had no impact on the outcome of the case." *Commonwealth v.*

*Hyland*, 875 A.2d 1175, 1187 (Pa. Super. 2005) (citation omitted). If the error did not control the outcome of the case, the error will be deemed harmless. *Id.*

This Court has determined that disallowing cross-examination of a witness relating to pending criminal charges, as well as possible bias, constitutes harmless error when the testimony of that witness is corroborated by other witnesses at trial. *See, e.g., Commonwealth v. Gentile*, 640 A.2d 1309, 1314 (Pa. Super. 1994); *Commonwealth v. Culmer*, 604 A.2d 1090, 1095 (Pa. Super. 1992). As the trial court noted in its 1925(a) opinion, the testimony offered by Ms. Nieves was corroborated by the other eyewitness in the case, Angelo Villamil. T.C.O. at 6. Both Ms. Nieves and Mr. Villamil testified that they were in Mr. Villamil's taxi when Appellant robbed Mr. Villamil at gunpoint. *Id.* (references to Notes of Testimony omitted). Both recognized Appellant as "Manny," whom they knew from the neighborhood. *Id.* Further, the responding officer, Officer Strydesky, corroborated the testimony of both Ms. Nieves and Mr. Villamil about the robbery itself and corroborated the testimony of Ms. Nieves regarding the phone call placed to Appellant's girlfriend as well as the return call made by Appellant to Ms. Nieves during which he stated he was not going to return the money. *Id.* at 8-9 (references to Notes of Testimony omitted). Therefore, even if disallowing cross-examination of Ms. Nieves

was error, it was harmless in light of the corroborating evidence of other witnesses, including the eyewitness testimony of Mr. Villamil.[5]

While we do not find any abuse of discretion for disallowing cross-examination of Ms. Nieves, we also note that any error resulting from the trial court's ruling was rendered harmless in light of the corroborating testimony of other witnesses at trial. Appellant's claim fails for lack of merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2014

---

[5] We also note that the testimony offered by Ms. Nieves was consistent with the statements she made immediately after the robbery. Therefore, there is no issue of establishing a motive for "fabricating evidence" through cross-examination as was the situation in cases cited by Appellant in support of allowing cross-examination to establish motive. *See* Appellant's Brief at 6.