J-S07018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE CEFERINO TEJERAS | : | |
| | : | |
| Appellant | : | No. 426 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 14, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000072-2021

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED JUNE 06, 2024**

Jose Tejeras appeals from the judgment of sentence imposed after a jury found him guilty of multiple offenses arising from a shooting. He raises several issues challenging the sufficiency and weight of the evidence, admission of certain evidence, jury instructions, and discretionary aspects of sentence. Additionally, Tejeras' counsel filed a petition to withdraw from representation and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). Upon review, we grant counsel's petition, and affirm the judgment of sentence.

The trial court set forth the facts as follows:

On September 28, 2020, Jose Lopez ("Lopez") was operating his vehicle in the 500 block of Locust Street, Reading, Berks County[.] While in his vehicle, Lopez observed Tejeras standing near the home of Yesenia Salva, Tejeras' sister and the mother of Lopez's

---

[*] Retired Senior Judge assigned to the Superior Court.

three children. Tejeras was in possession of a large, black bag. As Lopez approached Tejeras' location, Tejeras disappeared between some cars and then there was a gunshot. After Lopez drove through the 500 block of Locust Street, he noticed a bullet hole in the driver's side door of his vehicle. Lopez also sustained a gunshot injury to his right leg which required medical treatment. Lopez did not point a gun at Tejeras or threaten him with a gun as he drove by. Law enforcement responded to the scene and discovered a rifle shell casing between two vehicles in that block. An additional casing was located in a nearby alley.

During their investigation, law enforcement officers recovered surveillance video from the area. One of those videos was from the morning of the shooting and showed Tejeras in possession of a soft rifle case. Two additional videos captured the shooting. Those videos showed Tejeras retrieving a firearm and hiding between two vehicles in the 500 block of Locust Street as Lopez's vehicle approached Tejeras' location. As Lopez drove by Tejeras, a loud bang can be heard on the video. The video showed that Lopez did not point a gun at Tejeras as he went by him. There were also pictures taken of Lopez's vehicle which showed that the exterior and interior bullet holes were consistent with the bullet entering the vehicle from the outside. The police did not ever locate the gun used by Tejeras.

On December 29, 2020, Tejeras was interviewed by the police regarding the incident that occurred on September 28, 2020. Tejeras was read his Miranda warnings and agreed to speak with the officers. During the interview, Tejeras stated that he felt as though Lopez was trying to intimidate him. Tejeras admitted that he saw Lopez's vehicle driving by and that he crouched down near his sister's house and took one shot at Lopez's vehicle with an AK-47/rifle. He said that he had no regrets and refused to be intimidated. When asked about the current location of the AK-47/rifle, Tejeras told the police that he returned the weapon to its owner. At trial, Tejeras testified and admitted to shooting at Lopez's vehicle and stated that he lied to the police about giving the firearm to a friend. He also admitted that Lopez did not point a firearm out of his window as he drove by.

Trial Court Opinion, 8/1/23, at 2-4 (citations omitted).

On November 7, 2022, following trial, a jury found Tejeras guilty of aggravated assault (two counts), possessing an instrument of crime ("PIC"), recklessly endangering another person ("REAP"), persons not to possess firearms, and simple assault (two counts).[1]  On February 9, 2023, the trial court sentenced Tejeras to an aggregate term of 15 years to 30 years' incarceration:  7 1/2 to 15 years' incarceration for aggravated assault and 7 1/2 to 15 years' incarceration for persons not to possess firearms imposed consecutively to the aggravated assault sentence.  The court imposed sentences for the remaining convictions to run concurrently to the aggravated assault sentence.  On February 14, 2023, the court amended its judgment of sentence to reflect that it was to run concurrent to a sentence which Tejeras was serving in another case.

On February 23, 2023, while represented by trial counsel, Tejeras filed a *pro se* post-sentence motion.  The trial court declined to address the motion.

On March 3, 2023, Tejeras filed a *pro se* petition under the Post Conviction Relief Act[2]  ("PCRA").  On March 13, 2023, the court appointed PCRA counsel.  That same day, trial counsel filed a notice of appeal.

Trial counsel subsequently filed a motion to withdraw, which the trial court granted.  PCRA counsel then requested to withdraw Tejeras' PCRA

---

[1]  18 Pa.C.S.A.  §§  2702(a)(1),  2702(a)(4),  907(b),  2705,  6105(a)(1), 2701(a)(1), and 2701(a)(3).  The jury acquitted Tejeras of one count of simple assault, 18 Pa.C.S.A. 2702(a)(2).

[2] 42 Pa.C.S.A. §§ 9541-9546.

petition so that Tejeras could proceed with his direct appeal. The court granted this motion and appointed PCRA counsel as direct appellate counsel.

Tejeras and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.[3] Counsel filed a petition to withdraw from representation and an **Anders** brief with this Court. Tejeras did not retain independent counsel or file a *pro se* response to the **Anders** brief.

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's petition to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention.

_____

[3] We note that, when counsel intends to file an **Anders** brief and ask this Court to withdraw, counsel should file a statement pursuant to Rule 1925(c)(4) rather than Rule 1925(b).

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel filed both an *Anders* brief and a petition for leave to withdraw. Further, the *Anders* brief substantially comports with the requirements set forth by our Supreme Court in *Santiago*. Finally, the record included a copy of the letter that counsel sent to Tejeras of counsel's intention to seek permission to withdraw and advising Tejeras of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel

has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Tejeras' appeal is wholly frivolous.

In the *Anders* brief, counsel sets forth six issues which Tejeras could raise, but, ultimately, would be frivolous.[4]

> 1. Whether the evidence adduced at trial was insufficient to establish beyond a reasonable doubt the elements of aggravated assault, [PIC], person[s] not to possess [firearms], [REAP], and simple assault?
>
> 2. Did the trial court abuse its discretion by admitting evidence of [Tejeras'] prior criminal history from Puerto Rico?
>
> 3. Did the trial court commit an abuse of discretion by admitting shell casings, where they had been contaminated?
>
> 4. Did the trial court abuse its discretion by refusing to allow a requested jury instruction regarding justification, that is, self-defense or defense of others?
>
> 5. Did [] the trial court err by not granting a new trial on the basis that the verdict of guilty for aggravated assault, [PIC], person not to possess a firearm, and simple assault are contrary to the weight of the evidence?
>
> 6. Whether under all the circumstances of the within case, the [] sentence imposed is manifestly excessive so as to inflict too severe a punishment on [Tejeras]?

*Anders* Brief at 11-12 (excessive capitalization omitted).

Tejeras' first issue challenges the sufficiency of the evidence to sustain his convictions. In reviewing a sufficiency of the evidence claim,

> we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support

_____

[4] For ease of disposition, we have reordered and numbered Tejeras' issues.

- 6 -

all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted).

To establish the offense of aggravated assault, the Commonwealth must show that the defendant attempted to cause or intentionally or knowingly caused bodily injury to another with a deadly weapon. 18 Pa.C.S.A. § 2702(a)(4). "Serious bodily injury" is defined as "bodily injury which creates a substantial risk of death, or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. A deadly weapon as it pertains to assault offenses is "[a]ny firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury . . . ." *Id.*

To establish the offense of PIC, the Commonwealth must show that the defendant possessed "any instrument of crime with intent to employ it criminally." 18 Pa.C.S.A. § 907(a). The statute defines "instrument of crime" as "[a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S.A. § 907(d)(2). A defendant's "'use of a loaded gun on his victim is more than sufficient to establish his guilt of possession of an instrument of

crime.'" ***Commonwealth v. Santiago***, 980 A.2d 659, 662 (Pa. Super. 2009) (quoting ***Commonwealth v. McNair***, 603 A.2d 1014, 1017 (Pa. 1992)).

To establish the offense of persons not to possess firearms, the Commonwealth must show that the defendant was convicted previously of an enumerated offense under the statute and that the defendant possessed a firearm. 18 Pa.C.S.A. § 6105.

To establish the offense of REAP, the Commonwealth must show that the defendant recklessly engaged in conduct which placed or may have placed "another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. REAP requires the creation of danger, so the Commonwealth must prove the existence of an actual present ability to inflict harm to another. ***Commonwealth v. Reynolds***, 835 A.2d 720, 727-28 (Pa. 2003). This Court has held that a loaded gun can cause serious bodily injury or death for purposes of REAP. ***See Commonwealth v. Peer***, 684 A.2d 1077, 1081 (Pa. Super. 1996).

To establish the offense of simple assault, the Commonwealth must show that the defendant "attempt[ed] to or intentionally, knowingly or recklessly cause[d] bodily injury to another. . ." or "attempt[ed] by physical menace to put another in fear of imminent serious bodily injury . . . ." 18 Pa.C.S.A. §§ 2701(a)(1) and 2701(a)(3).

Tejeras claims that the Commonwealth failed to present sufficient evidence to establish these offenses. Specifically, he claims that the evidence failed to show that he "committed an assault with a deadly weapon or

attempted to cause bodily injury with extreme indifference to the value of human life or that he recklessly put another in fear of either serious bodily injury, or that he put anyone in fear of bodily injury." Tejeras claims that the burn mark on Lopez' leg and the bullet hole in the car door was caused when Lopez fired his own gun from the car rather than Tejeras shooting at Lopez. Therefore, according to Tejeras, the evidence was insufficient to sustain his convictions. *Anders* Brief at 21.

Initially, we observe that Tejeras' claim that the evidence at trial was in conflict and ignores our standard of review, which requires that we view the evidence in the light most favorable to the Commonwealth as verdict winner. Nonetheless, in addressing Tejeras' sufficiency claim and concluding that the evidence was sufficient, the trial court explained:

> The Commonwealth presented evidence that Tejeras was in possession of [an assault style] rifle concealed inside of a soft rifle case on the morning of the shooting. Later that afternoon, as Lopez drove through the 500 block of Locust Street, Tejeras retrieved a deadly weapon, a firearm, from inside of the rifle case and concealed himself and the firearm by hiding between two vehicles. When Lopez reached Tejeras' location, Tejeras discharged his firearm one time at Lopez's vehicle. Lopez suffered a gunshot injury to his right leg which required medical attention. When asked about the shooting during his interview, Tejeras admitted to possessing a rifle and shooting at Lopez. Tejeras said that he believed Lopez was attempting to intimidate him. Tejeras stated that he refused to be intimidated. When drawing all proper inferences favorable to the Commonwealth, the jury could have determined that all [] the elements of Tejeras' crimes had been established beyond a reasonable doubt. Tejeras is not entitled to relief.

Trial Court Opinion, 8/1/23, at 7-8.

Based upon our review of the record and viewing the evidence in the light most favorable to the Commonwealth, we agree with the trial court that the evidence was sufficient to support Tejeras' convictions. The first issue is frivolous.

In issues two through six, Tejeras' claims that: the trial court abused its discretion by admitting certain evidence; the trial court failed to give the jury a justification instruction; the verdict was against the weight of the evidence; and the trial abused its discretion when it imposed an excessive sentence of incarceration.

Notably, all these issues must be presented first to the trial court for its consideration and properly preserved for appellate review. However, upon review of the record, we observe, that Tejeras failed to preserve any of these issues for appeal. "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

Here, regarding the evidentiary issues, no objections were made at trial. Although trial counsel initially objected to the admission of the shell casings, counsel ultimately agreed to their admission. N.T., 11/3/22, at 73. As to Tejeras' prior conviction, Tejeras stipulated that he was convicted of an enumerated offense under the firearms statute when he was in Puerto Rico. N.T., 11/7/22, at 597.

Similarly, Tejeras did not object to the trial court's jury instruction. The court charged the jury on self-defense as requested by Tejeras. *Id.* at 516, 582-85. But trial counsel decided to withdraw his request for an additional

justification charge, concluding that it would confuse the jury. N.T., 11/7/22, at 562.

Additionally, Tejeras did not object to his sentence at the hearing and counsel did not file a post-sentence motion to preserve Tejeras' weight and sentencing claims. Although Tejeras filed a *pro se* post-sentence motion, such motion was deemed a legal nullity because Tejeras was represented by counsel. *See Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007). As such, the trial court declined to consider it.

Consequently, Tejeras' issues two through six are waived. Furthermore, because they are waived, the issues are frivolous under *Anders*. *See Commonwealth v. Tukhi*, 149 A.3d 881, 888-89 (Pa. Super. 2016) (citing *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

For the foregoing reasons, we conclude that all Tejeras' claims on appeal are frivolous. Further, in accordance with *Dempster*, we have independently reviewed the certified record to determine if there are any non-frivolous issues that counsel may have overlooked. Having found none, we agree that the appeal is wholly frivolous. Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 06/06/2024